UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-62415-RAR

**VITAL PHARMACEUTICALS,**
**d/b/a VPX Sports**,

   Plaintiff,

v.

**PEPSICO, INC.**,

   Defendant.
_____/

**ORDER GRANTING DEFENDANT PEPSICO, INC.'S**
**EXPEDITED MOTION TO CONFIRM ARBITRATION AWARD**

**THIS CAUSE** comes before the Court upon Defendant PepsiCo, Inc.'s ("Pepsi") Expedited Motion to Confirm Arbitration Award [ECF No. 14] ("Motion"), filed on December 8, 2020. In the Motion, Pepsi seeks confirmation of an Interim Order issued by an Emergency Arbitrator on December 7, 2020 [ECF No. 14-1]. The Court having reviewed the Motion, Plaintiff Vital Pharmaceuticals' ("VPX") Response [ECF No. 35] ("Response"), and Pepsi's Reply [ECF No. 39] ("Reply"), and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Pepsi's Expedited Motion to Confirm Arbitration Award [ECF No. 14] is **GRANTED** as set forth herein.

**BACKGROUND**

This action concerns a distribution agreement that Pepsi and VPX entered into in March 2020 whereby Pepsi agreed to distribute VPX's Bang-branded energy products throughout the United States ("Distribution Agreement"). *See* Mot. at 10. On October 23, 2020, VPX terminated the Distribution Agreement without cause. *Id.* at 11; Compl. [ECF No. 1] ¶ 33. VPX alleges that

Pepsi was failing to use "commercially reasonable efforts" to distribute VPX's products, *see* Compl. ¶¶ 24-25, whereas Pepsi claims that VPX was making demands from Pepsi that were not required by the Distribution Agreement. *See* Mot. at 11. Pepsi also maintains that pursuant to the terms of the Distribution Agreement, if either party seeks to terminate the Distribution Agreement without cause, it must give notice three years before such termination can be effective—and both parties are required to comply with their contractual obligations over the course of those three years. *Id.* at 10-11.

On November 23, 2020, Pepsi filed a Demand for Arbitration with the American Arbitration Association (AAA) and requested that the AAA appoint an Emergency Arbitrator to award emergency relief prior to the constitution of the arbitration panel. *Id.* at 13. Two days later, VPX filed this action seeking injunctive relief to prevent Pepsi's alleged ongoing breaches of the Distribution Agreement and tortious interference with VPX's business relationships. *See* Compl. at 9-11. In early December, the parties filed briefs in the proceeding before the Emergency Arbitrator and the Emergency Arbitrator held a hearing on the merits of Pepsi's application. *See* Mot. at 14.

On December 7, 2020, the Emergency Arbitrator issued an Interim Order [ECF No. 14-1] ("Emergency Arbitrator's Order") finding that based on the unambiguous terms of the Distribution Agreement, Pepsi is "likely entitled to the relief that it seeks in this Arbitration, namely, a declaration that [Pepsi] remains [VPX's] exclusive distributor pursuant to the [Distribution Agreement] through October 24, 2023." Emergency Arbitrator's Order at 9. The Emergency Arbitrator also concluded that Pepsi "made a sufficient showing that it would suffer immediate and irreparable loss or damage in the absence of emergency relief." *Id.* at 17. Thus, to maintain the status quo pending arbitration of the parties' dispute, the Emergency Arbitrator ordered VPX

to abide by the terms of the Distribution Agreement and cease efforts to sell to customers for whom Pepsi has exclusive distribution rights. *Id.* at 21.

Pepsi subsequently filed the instant Motion seeking confirmation of the Emergency Arbitrator's Order. On December 11, 2020, the same day it responded to Pepsi's Motion, VPX filed a Notice of Appeal of the Emergency Arbitrator's Order with the AAA. *See* Decl. of Daniel M. Janssen [ECF No. 35-1] ("Janssen Decl.") ¶ 14. However, on December 18, 2020, the AAA notified the parties that "[a]bsent a court order or an agreement by the parties to have the Interim Order reviewed in an AAA-ICDR appellate process," the parties' dispute will be forwarded to the arbitration panel, which is being constituted. *See* Email from AAA Vice President [ECF No. 41-1] ("AAA Email").[1]

## **LEGAL STANDARD**

"The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, imposes a heavy presumption in favor of confirming arbitration awards." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288 (11th Cir. 2002). "Section 9 of the FAA provides that, upon application of any party to the arbitration, the court *must* confirm the arbitrator's award unless it is vacated, modified, or corrected in accordance with sections 10 and 11 of the statute." *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010) (emphasis in original). Section 10 of the FAA permits vacatur of an arbitration award only where:

> (1) the award was procured by corruption, fraud, or undue means;
>
> (2) there was evident partiality or corruption in the arbitrators;
>
> (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing when there was good cause to

---

[1] Pepsi informed the Court of the AAA Email in a Notice of Supplemental Authority [ECF No. 41], filed on December 21, 2020. VPX subsequently filed a Response to the Notice of Supplemental Authority [ECF No. 42], which the Court has reviewed for purposes of this Order.

>>postpone, or in refusing to hear pertinent and material evidence, or were guilty of any other misbehavior which may have prejudiced any party; or
>
>(4) the arbitrators exceeded their powers so much so that a mutual, final, and definite award upon the subject matter submitted was not made.

*Riccard*, 307 F.3d at 1289.[2]

The FAA sets forth certain threshold requirements that must be satisfied before a district court can entertain a petition for enforcement of an arbitration award. *See* 9 U.S.C. § 9. First, the party seeking confirmation of the award must do so within one year of the date the award was made. *Id.* Second, because the FAA does not confer subject matter jurisdiction upon district courts, the district court must have an independent basis for jurisdiction. *See Loral Corp. v. Swiftships, Inc.*, 77 F.3d 420, 422 (11th Cir. 1996); *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 136 (2d Cir. 2002). Third, an arbitration award must be sufficiently final before a district court may review it. *See Schatt v. Aventura Limousine & Transportation Serv., Inc.*, 603 F. App'x 881, 887 (11th Cir. 2015).

## **ANALYSIS**

Here, the Court finds that the threshold procedural requirements for enforcement of an arbitral award under Section 9 of the FAA are satisfied. First, Pepsi filed the Motion seeking confirmation of the Emergency Arbitrator's Order the day after it was granted—clearly within the one-year requirement of Section 9. Second, the Court has a basis for jurisdiction independent of the FAA—diversity jurisdiction under 28 U.S.C. § 1332—because the parties are citizens of

---

[2] Additionally, under Section 11 of the FAA, arbitration awards may be modified in three circumstances: (1) "[w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award"; (2) "[w]here the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted"; or (3) "[w]here the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11.

different states and the amount in controversy exceeds $75,000.  *See* Compl. ¶¶ 14-15.  Venue is also proper because the Distribution Agreement provides that confirmation of an arbitral award may occur in any court having jurisdiction, and VPX acknowledges in its Complaint that venue is proper in this Court under 28 U.S.C. § 1391.  *See* Distribution Agreement [ECF No. 32] § 9.11(b); Compl. ¶ 15; *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 195 (2000) (holding that venue is proper where the award was made, in any district proper under the general venue statute, or in the court specified by the parties).

Third, the Emergency Arbitrator's Order granting equitable relief to Pepsi is sufficiently final to be confirmed under the FAA.  Despite its interim nature, the Emergency Arbitrator's award "is a preliminary injunction, and confirmation of the injunction is necessary to make final relief meaningful." *Ace/Cleardefense, Inc. v. Clear Def., Inc.*, 47 F. App'x 582, 582 (D.C. Cir. 2002); *see also Publicis Commc'n v. True N. Commc'ns, Inc.*, 206 F.3d 725, 729 (7th Cir. 2000) ("[C]ourts go beyond a document's heading and delve into its substance and impact to determine whether the decision is final.").  Indeed, although the Eleventh Circuit has not ruled on this specific issue, this Court and many others have found that confirmation of interim arbitral orders granting injunctive relief is appropriate under Section 9 of the FAA.  *See Procraft of S. Fla., LLC v. Kryton Corp.*, No. 03-80975-CIV, 2006 WL 8445957, at *2 (S.D. Fla. Jan. 20, 2006), *report and recommendation adopted*, No. 03-80975-CIV, 2006 WL 8445956 (S.D. Fla. Mar. 3, 2006) (citing *Ace/Clear Defense*, 47 F. App'x at 582; *Yasuda Fire & Marine Ins. Co. v. Cont'l Cas. Co.*, 37 F.3d 345, 348 (7th Cir. 1994); *Island Creek Coal Sales Co. v. City of Gainesville*, 729 F.2d 1046, 1049 (6th Cir. 1984); *Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1023 (9th Cir. 1991); and *Sperry Int'l Trade v. Israel*, 689 F.2d 301, 304 n.3 (2d Cir. 1982)).[3]

---

[3] *See also Johnson v. Dentsply Sirona Inc.*, No. 16-CV-0520, 2017 WL 4295420, at *4 (N.D. Okla. Sept. 27, 2017); *Yahoo! Inc. v. Microsoft Corp.*, 983 F. Supp. 2d 310, 319 (S.D.N.Y. 2013); *Blue Cross Blue*

The Emergency Arbitrator's Order "is not the type of relatively inconsequential procedural decision or preliminary ruling of which judicial review, in the interest of retaining the efficiency that is the raison d'être of our arbitration system, is disfavored." *Johnson*, 2017 WL 4295420, at *6 (internal quotation marks and citation omitted). Rather, it resolves the issue of whether the parties are required to maintain the status quo and continue to perform their contractual obligations during the pendency of the arbitration. District courts must have the power to confirm and enforce such injunctive relief as "final" for it to have teeth.

VPX does not appear to dispute that interim awards for injunctive relief can be final—and thus confirmed—under the FAA. Rather, VPX challenges the finality of the Emergency Arbitrator's Order based on (i) the fact that it has appealed the Emergency Arbitrator's Order to the AAA; and (ii) the fact that it intends to seek a superseding award from the arbitration panel once it is constituted. *See* Resp. at 3-5. VPX also argues that the Emergency Arbitrator's Order is subject to vacatur because the arbitrator lacked authority to grant injunctive relief, and insists that Pepsi's Motion to confirm the Emergency Arbitrator's Order should be stayed pending the Court's consideration of VPX's arguments in favor of vacatur. *Id.* at 6-9. The Court will address each of VPX's arguments in turn.

### a. *VPX's Appeal of the Emergency Arbitrator's Order*

VPX contends that an interim arbitration award that has been appealed cannot be confirmed and any request to confirm it must be dismissed or stayed. *See* Resp. at 3. VPX relies on a provision in the Distribution Agreement stating that "either party may appeal the decision of the arbitration panel to the AAA in accordance with AAA rules." Distribution Agreement § 9.11(b). The AAA's Optional Appellate Arbitration Rules [ECF No. 35-2] indicate that "[w]henever, by

---

*Shield of Mich. v. Medimpact Healthcare Sys.*, Inc., No. 09-cv-14260, 2010 WL 2595340, at *2 (E.D. Mich. June 24, 2010).

stipulation or in their contract, the parties have provided for the appeal of an arbitration award … rendered under the auspices of the [AAA] … or have otherwise provided for these Appellate Arbitration Rules, they shall be deemed to have made these Rules … a part of their agreement." *See* Optional Appellate Arbitration Rule A-1. VPX argues that the Optional Appellate Arbitration Rules are therefore incorporated into the Distribution Agreement, including the rule indicating that "[t]he parties agree to stay any already initiated judicial enforcement proceedings until the conclusion of the appeal process." Optional Appellate Arbitration Rule A-2. VPX maintains that based on this rule, Pepsi's Motion must be stayed pending VPX's appeal to the AAA.

The Court disagrees. The AAA's appellate arbitration procedures are only available through specific agreement by the parties. *See* Optional Appellate Arbitration Rules at 3 ("Utilization of these rules is predicated upon agreement of the parties."). Here, the Distribution Agreement states that "either Party may appeal the decision of the *arbitration panel* to the AAA in accordance with AAA rules." Distribution Agreement § 9.11(b) (emphasis added). The Distribution Agreement does not provide for appeals of interim injunctive relief from an Emergency Arbitrator. Nor do the AAA's Commercial Arbitration Rules [ECF No. 35-3] contemplate the right to such an appeal. Rule 38(f) indicates that "[a]ny application to modify an interim award of emergency relief must be based on changed circumstances and may be made to the emergency arbitrator until the panel is constituted; thereafter such a request shall be addressed to the panel." *See* AAA Commercial Arbitration R-38(f).

Indeed, consistent with the Emergency Arbitrator's Order and Rule 38, the AAA has already notified the parties that the AAA appellate process will not commence "[a]bsent a court order or an agreement by the parties" and has forwarded the parties' dispute—including the issue on seeking appellate review of the Emergency Arbitrator's Order—to the arbitration panel. *See*

AAA Email. Accordingly, the requirement in Optional Appellate Arbitration Rule A-2 that judicial enforcement proceedings be stayed pending resolution of a AAA appeal is inapplicable in this case.

### b. *VPX's Intent to Seek Superseding Award from Arbitration Panel*

Next, VPX argues that the Emergency Arbitrator's Order should not be confirmed because VPX intends to seek a superseding award from the arbitration panel once it is constituted. *See* Resp. at 4. VPX cites to the statement in the Emergency Arbitrator's Order indicating that the order remains in "effect until such time as a superseding Order or Award is issued by the arbitration Tribunal in this arbitration." *See* Emergency Arbitrator's Order at 21. However, VPX's intent to seek a superseding award does not preclude confirmation of the Emergency Arbitrator's Order, which is designed to preserve the status quo pending adjudication of the parties' dispute by an arbitration panel. The Emergency Arbitrator's Order expressly authorizes VPX to seek relief from the arbitration panel once constituted. Thus, confirmation of the Emergency Arbitrator's Order preserves VPX's right to seek relief from the panel without rendering the injunctive relief granted therein meaningless. *See, e.g., Johnson*, 2017 WL 4295420, at *2, 7 (confirming arbitrator's award because it "finally and definitively enjoin[ed] the plaintiff from breaching" certain contractual provisions during the pendency of the arbitration, even though the arbitrator had characterized the award as "tentative" and "subject to revision.").

### c. *Whether the Emergency Arbitrator's Order is Subject to Vacatur*

As discussed above, Section 9 of the FAA provides that the Court must confirm an arbitration award unless it is vacated or modified under the narrow categories listed in Sections 10 and 11 of the FAA. Here, VPX argues that the Emergency Arbitrator's Order is subject to vacatur under Section 10(a)(4) because the Emergency Arbitrator lacked authority to grant injunctive relief

and exceeded his powers. *See* Resp. at 7. Specifically, VPX contends that "[a]lthough R-37 of the AAA Rules allows an arbitrator to grant injunctive relief, the Distribution Agreement expressly conflicts with this rule and divests the arbitrators of the power to enjoin the parties under the AAA's rules" because the Distribution Agreement dictates that the parties seeking interim relief must seek it from a court. *Id.* at 8.

As an initial matter, the Emergency Arbitrator's Order states that "[n]o objection has been raised by either of the Parties to the jurisdiction of the Emergency Arbitrator." Emergency Arbitrator's Order at 6. This suggests that VPX waived its argument that the Emergency Arbitrator lacked the authority to issue emergency relief. *See Int'l Bhd. Of Elec. Workers v. Coral Elec. Corp.*, 576 F. Supp. 1128, 1134 (S.D. Fla. 1983) (indicating that a "party who fails to raise substantive defenses before an arbitrator waives the right to argue those defenses before the reviewing court."); *PriMed, Inc. v. Dallas Gen. Life Ins. Co.*, No. 8:11-CV-2002-T-33AEP, 2012 WL 646221, at *2 (M.D. Fla. Feb. 28, 2012) (finding that "because Respondents never objected to the jurisdiction of the arbitrator until they lost the arbitration, they have waived that argument."); *Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731*, 990 F.2d 957, 960 (7th Cir. 1993) ("Failure to present an issue before an arbitrator waives the issue in an enforcement proceeding.").

In its Response, VPX insists that it *did* object to the Emergency Arbitrator's jurisdiction during a status conference and includes a sworn statement from its counsel indicating that he preserved the issue. *See* Resp. at 5; Janssen Decl. ¶¶ 8, 10. However, even if VPX did not waive this argument, the Court finds that it lacks merit. The Distribution Agreement adopted the AAA rules, which permit parties to seek relief from an emergency arbitrator unless their agreement expressly specifies otherwise. *See* AAA Commercial Arbitration R-38. Here, there is nothing in the Distribution Agreement precluding the parties from pursuing emergency measures of

protection under Rule 38.  Section 9.11(c) of the Distribution Agreement provides that notwithstanding the agreement's arbitration clause:

> [I]t is mutually agreed that in the event of a breach or threatened conduct that may cause a Party to breach and is likely to result in any irreparable loss or damage according to the equity rules … the non-breaching Party may seek interim injunctive relief from a court, until such time as a final and binding determination is made by the arbitration panel.  If interim injunctive relief is sought from a court, it shall be sought in a court of competent jurisdiction.  Application to a court for interim injunctive relief shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.  The foregoing right to seek interim injunctive relief is in addition to, and not in lieu of, all other remedies or rights that the non-breaching Party might otherwise have by virtue of this Agreement by the other Party.

Although this provision permits the parties to seek injunctive relief from a court, it does not preclude the parties from seeking injunctive relief in arbitration.  Nor does the provision for a three-arbitrator panel in Section 9.11(b) of the Distribution Agreement demonstrate that the parties opted out of Rule 38, which provides a mechanism to preserve the status quo while the panel is being constituted.  Because the Emergency Arbitrator did not exceed his authority in granting emergency relief, the Court finds that VPX has not established that vacatur of the Emergency Arbitrator's Order is warranted.

### d. *VPX's Request for a Stay*

Lastly, VPX argues that Pepsi's Motion to Confirm should be stayed pending consideration of VPX's objections and arguments for vacatur.  VPX cites to 9 U.S.C. § 12, which provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party … within three months after the award is filed or delivered" and allows a court to stay a request to confirm an arbitration award pending consideration of a motion to vacate, modify, or correct the award.  However, 9 U.S.C. § 12 does not prevent a party from seeking to confirm an arbitration

award within the three-month period, and VPX has "articulate[d] no factual basis for needing more time to respond." *Wubben v. Kirkland*, No. 608CV1105ORL22DAB, 2011 WL 13298216, at *7 (M.D. Fla. July 14, 2011).  Indeed, VPX lays out its argument for vacatur—*i.e.*, that the Emergency Arbitrator lacked authority to issue relief—in its Response and the Court has analyzed that issue herein.  The Court therefore sees no basis to stay Pepsi's Motion, particularly considering the injunctive nature of the relief granted by the Emergency Arbitrator and his finding that Pepsi will "suffer immediate and irreparable loss or damage" "in the absence of emergency relief."  *See* Emergency Arbitrator's Order at 17.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Expedited Motion to Confirm Arbitration Award [ECF No. 14] is **GRANTED** and the Emergency Arbitrator's Order is **CONFIRMED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 21st day of December, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**