# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 07, 2022

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number:  21-13167-DD
Case Style: Vital Pharmaceuticals, Inc. v. Pepsico, Inc.
District Court Docket No: 0:20-cv-62415-RAR

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to:  Jenifer L. Tubbs
Phone #:  404-335-6166

Enclosure(s)

MDT-1 Letter Issuing Mandate

FILED BY _____ AP _____ D.C.

Jul 7, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-13167

_____

VITAL PHARMACEUTICALS, INC.,
d.b.a. VPX Sports,

Plaintiff-Appellant,

*versus*

PEPSICO, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:20-cv-62415-RAR

_____

JUDGMENT

2                                                    21-13167

It is hereby ordered, adjudged, and decreed that the opinion is-
sued on this date in this appeal is entered as the judgment of this
Court.

Entered: June 8, 2022

For the Court: DAVID J. SMITH, Clerk of Court

ISSUED AS MANDATE:  July 7, 2022

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-13167

Non-Argument Calendar

_____

VITAL PHARMACEUTICALS, INC.,
d.b.a. VPX Sports,

                                                    Plaintiff-Appellant,

*versus*

PEPSICO, INC.,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:20-cv-62415-RAR

_____

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Vital Pharmaceuticals, Inc. ("VPX"), appeals the district court's decision to award Pepsico, Inc. ("Pepsi"), $116,684.81 in contractual attorney's fees, in connection with Pepsi's obtaining court confirmation of an interim arbitration award that granted preliminary injunctive relief against VPX. On appeal, VPX contends that the contract did not authorize recovery of attorney's fees for seeking confirmation of an arbitration award, and that the court abused its discretion in calculating the number of hours Pepsi's attorneys reasonably expended and in awarding them non-local rates. After careful review, we conclude that Pepsi was entitled to recover attorney's fees in connection with confirming the arbitration award, but we vacate and remand for further proceedings as to the amount of its recovery.

## I.

In March 2020, VPX and Pepsi executed a contract making Pepsi the exclusive distributor of VPX's BANG-branded energy drinks. VPX soon became dissatisfied with the arrangement, and it elected to terminate the agreement without cause in October 2020 and attempt self-distribution. In response, Pepsi initiated arbitration under the contract in New York, the state whose law governed the contract. It also moved for emergency relief to enjoin VPX from breaching the distribution agreement's terms, which it said

required three years' notice before a termination without cause took effect.  Soon after, VPX sued Pepsi in federal court in the Southern District of Florida, seeking injunctive relief.

After expedited briefing and a hearing, an emergency arbitrator issued an award granting in part Pepsi's request for injunctive relief.  This "Interim Award," issued on December 7, 2020, preliminarily enjoined VPX from attempting to self-distribute and required it to honor Pepsi's contractual distribution rights, which likely extended through October 2023, according to the arbitrator, pending a resolution of the matter by a full arbitration panel.

One day later, on December 8, 2020, Pepsi filed an expedited motion to confirm the Interim Award in VPX's federal case in the Southern District of Florida.  Pepsi contended that the award of injunctive relief was sufficiently final to be confirmable under the Federal Arbitration Act ("FAA") and that there were no grounds to vacate or modify the award.  VPX responded in opposition, asserting, among other things, that the Interim Award was not final or confirmable.  Pepsi filed a reply responding to VPX's arguments in detail.

On December 21, 2020, the district court granted Pepsi's motion and confirmed the Interim Award.  VPX did not appeal at that time, although immediate review was available.  *See* 9 U.S.C. § 16(a)(1)(D) ("An appeal may be taken from an order confirming or denying confirmation of an award or partial award.").  Later, the court dismissed VPX's complaint without prejudice, concluding

that VPX was collaterally estopped from seeking injunctive relief inconsistent with the confirmed Interim Award.

## II.

Having obtained confirmation of the Interim Award, Pepsi sought attorney's fees for that work under the distribution agreement. The relevant provision of the agreement states,

> [I]f the [arbitration] award is confirmed by a court of competent jurisdiction, a Party challenging the award or resisting enforcement of a judgment entered upon the award will pay, to the extent permitted by law, all costs, attorneys' fees and expenses incurred by the other Party in defending the award or seeking enforcement of the judgment.

Pepsi sought fees for a total of 182.4 hours for four Gibson Dunn attorneys in connection with confirming the Interim Award, at hourly rates ranging from $734 to $1,313, for a total of $159,441.90. Pepsi asserted that the hourly rates charged by Gibson Dunn were "comparable to prevailing market rates for national law firms across the country" and "nearly identical to the prevailing market rates in New York," where Pepsi would have moved to confirm the award had VPX not already filed suit in Florida.

VPX objected to Pepsi's request on several grounds. First, it claimed that the distribution agreement authorized the recovery of attorney's fees incurred post-confirmation only, not fees incurred seeking confirmation of an arbitration award. Second, it asserted

that the court should defer any fee award until the litigation had run its course.  Finally, it contended that both the hourly rates and the number of hours requested were excessive.  Pepsi replied.

In March 2021, a magistrate judge recommended that Pepsi's motion for attorney's fees be granted in part and denied in part.  The magistrate judge rejected VPX's interpretation of the agreement as authorizing fees incurred post-confirmation only, stating that Pepsi could recover the fees it "incurred in defending the Award" from VPX's challenge to confirmation.  The magistrate judge also recommended declining to defer the fee award, finding VPX's caselaw inapposite and pointing to the court's prior deter-mination that the Interim Award was sufficiently final to be con-firmable.  Finally, the magistrate judge applied small reductions to the requested hours and hourly rates, arriving at a lodestar amount of $111,684.81.

In determining a reasonable hourly rate, the magistrate judge first stated that it was "reasonable to award New York mar-ket rates for Pepsi's attorneys rather than limiting their rates to those that are reasonable in the South Florida market."  Although Pepsi did not "establish[] a lack of attorneys in South Florida who are willing and able to handle this case," the magistrate judge stated, "it would have made little sense for Pepsi to proceed with any other attorneys in this case."  The judge noted that the attor-neys had extensive prior experience with the factual situation, hav-ing obtained the Interim Award, that the dispute first arose in New York, where Pepsi commenced the arbitration proceeding, and that

Pepsi sought confirmation in the Florida case only "for the sake of efficiency and to avoid inconsistent results" and to defend its arbitration award.

So in the magistrate judge's view, "[e]ven if New York is not technically the relevant market, it is reasonable to award New York rates to Pepsi based upon the circumstances of this case." Ultimately, the magistrate judge recommended that the court approve the partner's hourly rate of $1,313 and slightly reduce the associates' hourly rates from $857 to $750 for one attorney and from $734 to $650 for two other attorneys.[1]

As for the number of hours, the magistrate judge agreed "with VPX that the hours incurred by Pepsi are excessive, but not nearly to the degree espoused by VPX." The judge first rejected VPX's focus on page length, noting that complexity was a better measure and that the "briefing in this case [wa]s of a more complex nature." But he found that a "small reduction" was warranted to account for Pepsi's work on the confirmation motion "before the Interim Award was even issued." He observed that, while Pepsi appropriately completed work in advance, it was "unlikely that Pepsi would have spent the same amount of time if it did not begin addressing confirmation until it had an arbitration award in hand," since Pepsi likely "spent at least a small amount of time addressing issues before receiving the Award that it may not have otherwise

---

[1] The magistrate judge advised that, if he had limited Pepsi to South Florida rates, he would have recommended hourly rates ranging from $425 to $725.

had to address." But he could not "ascertain every issue Pepsi spent time addressing" because "some entries contain[ed] very limited descriptions regarding the tasks completed." "Nevertheless," he opined, "it does appear likely that Pepsi would have incurred the substantial majority of the hours it did incur had it waited to work on the confirmation motion." Accordingly, the magistrate judge recommended a "small reduction (of approximately 10 hours)."

Finally, the magistrate judge found that the hours requested by Pepsi were still "somewhat excessive" by approximately 25 to 30 additional hours. In that regard, the magistrate judge cited excess billing related to a motion to seal and conferences, and a minor block-billing issue. Ultimately, the magistrate judge recommended an across-the-board reduction of 23% in hours for each attorney (roughly 40 total hours), for a total of 140.44 hours. That resulted in a total fee award recommendation of $111,684.81.

VPX submitted objections to the magistrate judge's report and recommendation. VPX first reiterated its argument that the distribution agreement did not authorize fees "where a party exercises its right to oppose the confirmation of the award." Second, VPX maintained that Pepsi was not entitled to non-local rates for its attorneys because it failed to show a lack of local attorneys who were able and willing to handle the case, as required by this Court's decision in *American Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). VPX further asserted that a potential exception discussed in *Barnes* did not apply because, in VPX's view, Pepsi's use of non-local attorneys did not result in

substantial cost-saving efficiencies that would justify the higher non-local rates.

In fact, according to VPX, Pepsi's attorneys logged excessive hours by doing so much work before the Interim Award even issued—that is, "they had no idea what, if anything, the Interim Award would say and were undoubtedly researching issues and drafting arguments that were never used." VPX found no support in the time entries for the magistrate judge's claim that Pepsi would have incurred most of the requested hours had it waited for the Interim Award, noting the magistrate judge's own observation that the time entries contained "very limited descriptions" regarding the tasks completed. It also contended more broadly that the motion to confirm and reply brief were not particularly lengthy or complex and that Pepsi's requested hours were plainly excessive, particularly given its supposed expertise and familiarity with the case facts. VPX did not object to the recommendation not to defer consideration of fees.

After Pepsi replied, the district court entered a short order adopting the magistrate judge's recommendations. The court said it had "conducted a *de novo* review" of the magistrate judge's findings in response to VPX's timely objections, but it did not otherwise address the objections. VPX now appeals.

## III.

"We review awards of attorney's fees and costs for abuse of discretion, reviewing questions of law de novo and reviewing

factual findings for clear error." *Kahane v. UNUM Life Ins. Co. of Am.*, 563 F.3d 1210, 1213 (11th Cir. 2009). The interpretation of a contractual provision authorizing attorney's fees is a question of law, which we review *de novo. Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1329 (11th Cir. 1998).

*A. Pepsi's Entitlement to Attorney's Fees*

VPX first claims that the district court misapplied § 9.11(b) of the distribution agreement, the relevant attorney's fees provision. As a reminder, that section states,

> [I]f the [arbitration] award is confirmed by a court of competent jurisdiction, a Party challenging the award or resisting enforcement of a judgment entered upon the award will pay, to the extent permit-ted by law, all costs, attorneys' fees and expenses incurred by the other Party in defending the award or seeking enforcement of the judgment.

In VPX's view, this provision does not permit recovery for costs incurred in confirming the Interim Award, because the phrase "confirmed by a court of competent jurisdiction" shows an intent to "limit attorneys' fees to those incurred in challenges to the award or resistance to enforcement after confirmation." In other words, according to VPX, the provision applies to only those "fees incurred in the course of post-confirmation defense of the award."

The district court correctly rejected VPX's interpretation of the distribution agreement. The plain terms of the agreement

require "a Party challenging the award" to pay attorney's fees "incurred by the other Party in defending the award" "if the award is confirmed by a court of competent jurisdiction." Although confirmation by a court is required to obtain attorney's fees, nothing in this language purports to require that the "challenging" or "defending" occur *after* confirmation. And we will not add unnecessary language to the provision. As written, the provision disincentivizes litigation against or resistance to arbitration awards, making attorney's fees available to the defender of the award unless the challenge is successful.

VPX's proposed interpretation also renders other language in the provision superfluous. Under the distribution agreement, recovery for attorney's fees may be triggered by either "challenging the award <u>or</u> resisting enforcement of a judgment entered upon the award" (emphasis added), plus corresponding conduct by the other party. And as VPX itself points out, "[a]n arbitration award does not become a 'judgment' until a court confirms the award." So "resisting enforcement of a judgment" already seems to cover the scenario where a party challenges an arbitration award after court confirmation, rendering the language "challenging the award" superfluous. VPX fails to explain how, in its understanding, "challenging the award" is distinct from "resisting enforcement of a judgment upon the award" in the post-confirmation context, or why the parties would draw that distinction. In our view, the more natural reading of this provision is that it permits recovery of attorney's fees by a party who prevails in confirming an arbitration

award in court over the other party's opposition.  That's the case here.

Nor are we persuaded by VPX's argument that the distribution agreement did not authorize fees for "preliminary" or "interim" awards.  In its December 2020 ruling, which VPX did not appeal, the district court determined that the Interim Order "granting equitable relief to Pepsi is sufficiently final to be confirmed under the FAA."  The court noted that the Interim Award had compelled VPX to perform the contract pending arbitration, and it reasoned that "[d]istrict courts must have the power to confirm and enforce such injunctive relief as 'final' for it to have teeth."  It also rejected VPX's arguments that the award was not final because it was subject to vacatur or reversal by the full arbitration panel.

VPX could have sought immediate review of that ruling with this Court, but it did not.  *See* 9 U.S.C. § 16(a)(1)(D) ("An appeal may be taken from an order confirming or denying confirmation of an award or partial award.").  The case then moved on to what was effectively a post-judgment motion for attorney's fees, which is what this appeal concerns.  This appeal is not an opportunity for VPX to make arguments it could have presented though a timely appeal of the December 2020 order.

And if, as the December 2020 order concluded, the Interim Award was a sufficiently final "award" to be confirmed under the FAA, *see* 9 U.S.C. § 9, it follows that it is likewise an "award" for purposes of the distribution agreement.  VPX offers no reason why we should not read the two uses of "award" in harmony.  We also

reject VPX's assertion that Pepsi was not "defending" the award by seeking confirmation in VPX's federal case. Though it filed suit before the Interim Award, VPX sought relief directly contrary to that award and then opposed Pepsi's efforts to confirm the award. In our view, the attorney's fees provision plainly applies to the circumstances here. Thus, Pepsi was entitled to recover attorney's fees under the distribution agreement.

## B.  Whether the Fee Award Should Have Been Deferred

The district court also did not abuse its discretion by refusing to defer consideration of attorney's fees pending resolution of the arbitration. The magistrate judge addressed and rejected VPX's arguments on this point, finding its proffered caselaw distinguishable and observing that "any decision to defer the fee award would be inconsistent with the Court's earlier determination that the Award is sufficiently final to be confirmed under the FAA." Because VPX did not object to this determination before the district court, despite being warned of the consequences, it waived review of that determination on appeal, except for plain error. *See* 11th Cir. R. 3-1.[2]

---

[2] Eleventh Circuit Rule 3-1 states,

> A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

Nothing in the record suggests that plain-error review is appropriate here. *See Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1257 (11th Cir. 2017*), abrogated on other grounds by Bostock v. Clayton Cty., Ga.*, 140 S. Ct. 1731 (2020). As the magistrate judge stated, in this case, in contrast to the cases VPX cited, nothing was left to resolve in federal district court apart from attorney's fees. The court had confirmed the arbitration award and dismissed VPX's claims, leaving nothing but the issue of whether Pepsi was entitled to fees in relation to confirming that award. In these circumstances, the court reasonably decided not to defer ruling on this discrete issue pending the final resolution of the arbitration.

## C. The Amount of Pepsi's Recovery

Having concluded that Pepsi was entitled to recover attorney's fees under the distribution agreement, we turn to the amount of its recovery. VPX maintains that the number of hours awarded was plainly excessive, and that Pepsi's attorneys cannot receive non-local rates without showing that local attorneys were unable or unwilling to do the work or that cost-saving efficiencies resulted from Pepsi's use of non-local counsel.

At bottom, a reasonable attorney's fees award is determined by multiplying hours reasonably expended by a reasonable hourly rate. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A district court has "wide discretion in

---

informed of the time period for objecting and the consequences on appeal for failing to object.

performing these calculations." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quotation marks omitted). Still, its order "must allow meaningful review—the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *Id.* (quotation marks omitted).

### 1. Hours Reasonably Expended

By adopting the magistrate judge's report and recommendation, the district court found that Pepsi reasonably expended approximately 140 hours defending the award. That included a "minor reduction" of 10 hours to account for Pepsi's incurring a substantial number of hours—by our rough count, approximately half of the 182.4 hours requested—before the Interim Award issued on December 7. While the court recognized that Pepsi may have done unnecessary work, it said it was "likely that Pepsi would have incurred the substantial majority of the hours it did incur had it waited to work on the confirmation motion."

We are unable to conduct meaningful review. The district court itself recognized that some of Pepsi's time entries contained "very limited descriptions regarding the tasks completed," which made it impossible "to ascertain every issue Pepsi spent time addressing" and whether each issue was relevant to defending the award or not. For example, Pepsi's time records show roughly 30 hours billed for "revis[ing] [the] motion to confirm"—not including hours "research[ing]," draft[ing]," "analyz[ing]," or "confer[ring]"—before the Interim Award issued, without further

detail.  Without more, we cannot tell the court's basis for conclud-ing that Pepsi still would have incurred substantially all this time "had it waited to work on the confirmation motion," or that the time could otherwise be considered time expended in defending the award.  *Cf. Barnes*, 168 F.3d at 436 (stating that, with proper proof, preliminary or pre-litigation time may properly be consid-ered time "reasonably expended on the litigation" for purposes of awarding fees under 42 U.S.C. § 1988).  We therefore vacate and remand for further proceedings on this issue.

### 2.  Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reason-ably comparable skills, experience, and reputation."  *Barnes*, 168 F.3d at 436 (quotation marks omitted).  "The general rule is that the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed."  *Id.* at 437 (quotation marks omitted).

In *Barnes*, we stated that a fee applicant seeking non-local rates generally "must show a lack of attorneys practicing in that place who are willing and able to handle his claims."  *Id.*  But we did not "rule out the possibility" of a case "where use of an attorney from a higher-rate market who had extensive prior experience with a particular factual situation could be justified because of efficien-cies resulting from that prior experience."  *Id.*  On the facts of *Barnes*, though, we concluded that "any finding that savings or ef-ficiencies resulted from the use of non-local counsel . . . would be

clearly erroneous" because of excessive billing by the plaintiff's non-local counsel.  *Id.* at 438.

Applying *Barnes*, the district court awarded New York rates for Pepsi's four attorneys, who were based in Washington, D.C., or Dallas, Texas.  The court reasoned that, although local attorneys were able and willing to handle the matter, non-local rates were justified under *Barnes* by the need to act with haste, counsel's extensive prior experience with the particular factual situation, and the peculiar circumstances of the case, which involved Pepsi's defense of its New York arbitration award from VPX's Florida lawsuit.  Pepsi adds that it saved the parties substantial costs by seeking confirmation of the Interim Award in the Florida action, instead of pursuing a separate confirmation proceeding in New York, and that it should not be punished for promoting efficiency and judicial economy.

However, the reasonableness of awarding non-local rates also depends in part on whether non-local counsel exercised billing judgment.  *See Barnes*, 168 F.3d at 437–38 ("[I]n light of the fact that the plaintiffs' attorneys billed 1072.95 hours for this case, many of which . . . were excessive, redundant, or otherwise unnecessary, any finding that savings or efficiencies resulted from the use of non-local counsel . . . would be clearly erroneous.").  Here, the district court recognized that Pepsi's requested fees were "excessive" to some degree.  And the court's assessment of that factor may—though by no means "must"—change, given our remand regarding the number of hours reasonably expended defending the award.

Accordingly, we decline to resolve the issue of non-local rates at this time.

## IV.

In sum, the district court properly awarded attorney's fees to Pepsi in connection with its efforts to obtain confirmation of the Interim Award, so we affirm that portion of the judgment. But we vacate and remand for further proceedings related to the amount of Pepsi's award, with the caution that it "should not result in a second major litigation." *Barnes*, 168 F.3d at 423 (quotation marks omitted).

**AFFIRMED in part; VACATED and REMANDED in part.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 08, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  21-13167-DD
Case Style:  Vital Pharmaceuticals, Inc. v. Pepsico, Inc.
District Court Docket No:  0:20-cv-62415-RAR

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system,
unless exempted for good cause. Although not required, non-incarcerated pro se parties are
permitted to use the ECF system by registering for an account at www.pacer.gov. Information
and training materials related to electronic filing are available on the Court's website. Enclosed
is a copy of the court's decision filed today in this appeal. Judgment has this day been entered
pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP
41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for
filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise
provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is
timely only if received in the clerk's office within the time specified in the rules. Costs are
governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for
attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested
Persons a complete list of all persons and entities listed on all certificates previously filed by
any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be
reheard must be included in any petition for rehearing or petition for rehearing en banc. See
11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming
compensation for time spent on the appeal no later than 60 days after either issuance of mandate
or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via
the eVoucher system. Please contact the CJA Team at (404) 335-6167 or
cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher
system.

Pursuant to Fed.R.App.P. 39, <u>each party to bear own costs</u>.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call <u>Bradly Wallace Holland, DD</u> at <u>404-335-6181</u>.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs